UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA ANN STRONG,<br><br>                Plaintiff,<br><br>v.<br><br>GENERAL MOTORS FLINT ASSEMBLY, *et al.*,<br><br>                Defendants. | Case No. 25-12593<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANT UAW 598'S UNOPPOSED MOTION TO CONSOLIDATE CASES
(ECF NO. 45)**

Plaintiff Barbara Ann Strong, proceeding pro se, sues Defendants General Motors Flint Assembly and UAW 598 for various employment-based claims. ECF No. 1. The Honorable Shalina D. Kumar referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6. UAW moves to consolidate this case with Case No. 25-12790 under Federal Rule of Civil Procedure 42. ECF No. 45. Strong agrees that the cases should be consolidated. ECF No. 58.

"The underlying purpose of Rule 42 is to promote economy in the administration of justice." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 439 (S.D. Ohio 2015). Under Rule 42(a), if actions

involve "a common question of law or fact," a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." But a "court may order a separate trial of one or more separate issues [or] claims" because of "convenience, to avoid prejudice, or to expedite and economize," while preserving the right to a jury trial. Rule 42(b). "[Q]uestions of law and fact need not be identical," and "Rule 42 gives the Court discretion to consolidate as long as there are *some* common questions of law or fact." *Guild Assocs.*, 309 F.R.D. at 440. Consolidation is a matter within the Court's discretion. *Id.*

This case should be consolidated with Case No. 25-12790, which Strong originally filed in August 2025, in Genesee County Circuit Court against GM and UAW. *Strong v. Gen. Motors Flint Assembly*, No. 25-12790, Ex. A to Notice of Removal, ECF No. 1-2, PageID.11-14 (E.D. Mich. Sept. 4, 2025). Strong filed this action the same month, and GM removed the state-court case to this Court in September 2025. Both cases are employment actions arising from Strong's January 2025 workplace injury and allegedly wrongful termination. And they appear to advance similar causes of action. Thus, the cases involve common questions of law and fact and should be consolidated.

UAW's motion to consolidate is thus **GRANTED**.

**IT IS ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: October 24, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2025.

s/Davon Allen  
DAVON ALLEN  
Case Manager